811 F.2d 604
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leroy COLLINS, Petitioner,
v.
Arthur TATE, Superintendent, Respondent.
 No. 86-3151.
 United States Court of Appeals, Sixth Circuit.
 Dec. 30, 1986.
 
 Before ENGEL and KRUPANSKY, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Leroy Collins appeals the district court's denial of habeas corpus relief from his plea of guilty of murder before an Ohio state court.
 
 
 2
 Collins was indicted in an Ohio court on a charge of aggravated murder. After the trial started he pleaded guilty to the lesser included offense of murder. He contends that his plea was not voluntary and intelligent because he was not informed that the crime of murder contains an element of intent to kill.
 
 
 3
 The magistrate held an evidentiary hearing on whether Collins received notice that intent is an element of murder. The magistrate found the record of the taking of the plea inconclusive. One of Collins' two trial attorneys, O'Malley, testified before the magistrate that he had a specific recollection of explaining to Collins the elements of the crime to which he pleaded. Collins tried to impeach O'Malley with a deposition in which O'Malley said he could not recall whether he explained all the elements to Collins, but that his normal practice is to do so. The magistrate found, "by a preponderance of the evidence," that O'Malley informed Collins of the intent element.
 
 
 4
 Collins objected to the magistrate's report on two grounds: first, that the magistrate failed to put the burden of proof on the government; and second, that the magistrate erred in evaluating O'Malley's testimony. The district court denied the writ, but without addressing the magistrate's reasoning and the objections to it. Instead, the district court held that the state court record shows that Collins and O'Malley "completely discussed the proposed plea bargain."
 
 
 5
 On appeal the arguments raised below are repeated, and the state also argues that Collins exhausted only the contention that the trial court failed to inform him of the charges, not the contention that counsel failed to do so.
 
 
 6
 At the outset we are satisfied that Rose v. Lundy, 455 U.S. 509 (1982), does not compel us to order dismissal of the case for failure to exhaust the state court remedies. While the issue with respect to whether Collins was informed of the elements of the crime of murder to which he pled guilty varies somewhat from the theory presented before the state courts, we are satisfied that the issues are so similar that there has been a sufficient exhaustion of the issue raised here.
 
 
 7
 While Collins' counsel places strong emphasis upon Henderson v. Morgan, 426 U.S. 637 (1976), we are satisfied that the facts here are sufficiently distinguished from those in Henderson. Here an evidentiary hearing was held and the magistrate found by a preponderance of the evidence that O'Malley, the attorney, had informed Collins of the intent element. While the passage of time had robbed the two attorneys who had represented Collins at the trial of precise recollection, the magistrate was warranted in accepting O'Malley's testimony as to his customary practice, especially in light of the magistrate's view of the skill of the other defense attorney, Hanna, and the other circumstances surrounding the plea. We find particularly persuasive the fact that while Collins had previously resisted a negotiated plea he changed his position after the strongly inculpatory testimony of his step-daughter and the relevance which that testimony had upon the element of intent. It is at least a reasonable inference supportive of the magistrate's finding that defendant knew the elements of the lesser but included crime of murder and picked that precise time in which to negotiate the plea since the step-daughter's testimony could establish Collins' intent to kill.
 
 
 8
 Accordingly, the judgment of the district court is AFFIRMED.